DUNCAN v. SANGAMO FIRE INS. CO.

Garnishment proceeding: MISUSE OF LEGAL TERMS. That the court in its order requiring notice to be served on the garnishee to show cause why execution should not issue on the judgment against him, and in the final order allowing execution, improperly denominates the notice a *scire facias,* will not vitiate the proceedings.

*Appeal from Dubuque Circuit Court.*

TUESDAY, SEPTEMBER 17.

PLAINTIFF recovered judgment against one Beisman. The appellant, having been served with process of garnishment, failed to appear and answer thereto. A default and judgment was entered against him, and, at the same time, the court ordered that he be notified thereof, and required to show cause why execution should not be issued against him. A notice was issued, and the garnishee, appearing by counsel, moved the court to set aside the order allowing execution; the motion was overruled. The garnishee appeals.

*Myron H. Beach* for the appellant.

*Christian Wullweber* for the appellee.

BECK, J. — I. The court, in its order, requiring notice to be served upon the garnishee, as well as in the final order allowing execution, denominates the notice or process issued and served upon the garnishee a *scire facias*. Appellant claims that the notice is not a *scire facias*, and therefore the proceedings are erroneous, and the final order, awarding execution, cannot be sustained. We readily concur that the notice issued by the court is not a writ of *scire facias*, and that the court erred in giving it that name. But we are not prepared to concur that the improper use of the term *scire facias*, in describing the notice ordered by the court, is such an error as will invalidate the proceeding. The substance of the notice issued, as well as of the order made by the court, is in accordance with the law, and it is not pretended by counsel that they are in the least degree objectionable, except as to the inaccurate use of the term *scire facias*.

The court pursued the course pointed out in the statute, the things required were done — nothing more and nothing less. But an improper name was given to a notice issued in the proceedings. The name in the case is not of so much importance as that the validity of the legal proceedings will depend upon its right use. We are unable to see how defendant was, or could have been, by any possibility, prejudiced by the error. It affords no reason, therefore, for interfering with the judgment of the court below.

II. The counsel of appellant filed an affidavit, stating that he did not appear because of an agreement or understanding between himself and the counsel of the other party. But these statements are contradicted, directly and positively, by plaintiff's attorney. We cannot, therefore, interfere with the judgment of the court below upon this conflicting evidence.

Affirmed.